2022R00904/MKN/CS/PAL/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Georgette Castner, U.S.D.J. |
| v. | : | Crim. No. 23-541 |
| CAZ CRAFFY, <br> a/k/a "Carz Craffy," | : | CONSENT JUDGMENT <br> AND ORDER OF FORFEITURE <br> (MONEY JUDGMENT) |
| Defendant. | : | |

WHEREAS, on or about April 16, 2024, defendant Caz Craffy pleaded guilty, pursuant to a plea agreement with the United States, to Counts One through Ten of the Indictment ("Indictment"), which charged him, *inter alia*, with wire fraud, in violation of 18 U.S.C. § 1343 (Counts One through Six); securities fraud, in violation of 18 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5 (Count Seven); and making a false statement on a loan application, in violation of 18 U.S.C. § 1014 (Count Eight);

WHEREAS, a person convicted of wire fraud and securities fraud, as alleged in Counts One through Seven of the Indictment, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or derived from proceeds the defendant obtained that are traceable to those offenses;

WHEREAS, a person convicted of making a false statement on a loan application, as alleged in Count Eight of the Indictment, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2), all property, real or personal,

which constitutes or derived from proceeds the defendant obtained that are traceable to the offense;

WHEREAS, in the plea agreement, the defendant consented to the imposition of a criminal forfeiture money judgment in the amount of $1,482,741.41, and stipulated that such amount represents the property constituting, or derived from, proceeds the defendant obtained as a result of the offenses charged in Counts One through Eight of the Indictment;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, the defendant:

(1) consents to the forfeiture to the United States of $1,482,741.41 as a sum of money representing the property, which constitutes or derived from proceeds the defendant obtained that are traceable to the offenses charged in Counts One through Eight of the Indictment, to which the defendant has pleaded guilty;

(2) consents to the imposition of a money judgment in the amount of $1,482,741.41, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2);

(3) agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment;

(4)     acknowledges that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, entitling the United States to forfeit substitute assets;

(5)     waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(6)     acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(7)     waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

WHEREAS, good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

1.     As a result of the offenses charged in Counts One through Eight of the Indictment, to which the defendant has pleaded guilty, the Court having accepted the stipulated amount of the forfeiture in the plea agreement, and the defendant having conceded that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the proceeds obtained by the defendant, which was $1,482,741.41. A money judgment in the amount of $1,482,741.41 ("Money Judgment") is hereby entered against the defendant, pursuant to 18

U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2), and Federal Rule of Criminal Procedure 32.2(b).

2. All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

3. Until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America and deposited in the Assets Forfeiture Fund.

4. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

5.  This Order of Forfeiture shall be part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

6.  The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $1,482,741.41.

7.  This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 22nd day of August, 2024.

_____
Hon. Georgette Castner
United States District Judge

The undersigned hereby consent to
the entry and form of this Order:

Philip R. Sellinger
United States Attorney

/s/ Carolyn Silane
_____                   Dated: August 1, 2024
By: Martha K. Nye
Carolyn Silane
Assistant United States Attorneys

_____                   Dated: 8/21/24
Mark Berman, Esq.
Attorney for Defendant Caz Craffy

_____                   Dated: 8/21/24
Caz Craffy, Defendant